502 So.2d 1293 (1987)
Tommy BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. BK-394.
District Court of Appeal of Florida, First District.
February 19, 1987.
Michael E. Allen, Public Defender, and Ann Cocheu, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Appellant, Tommy Brown, appeals the sentence imposed upon his conviction for escape, complaining that the guidelines scoresheet was improperly calculated. We grant appellant's request for a belated appeal. Long v. Wainwright, 474 So.2d 7 (Fla. 1st DCA 1985), pet. for rev. denied, 482 So.2d 350 (Fla. 1986).
Brown was charged with escape from a police vehicle after his arrest for driving without a valid license. Thereafter, he entered into a plea agreement whereby he would plead nolo contendere to the escape charge in exchange for a sentence at the lower end of the sentencing guidelines range. The sentencing guidelines scoresheet assessed twenty-four points for appellant's being "under legal constraint" at the time of the offense, resulting in a recommended sentence of three and one-half to four and one-half years. The "legal constraint" referred to was appellant's custody in the police vehicle, from which he escaped. Appellant did not object at the time of sentencing that the point assessment was improper. The trial court accepted the plea and sentenced appellant to three and one-half years' incarceration, the lowest range of the guidelines. Had the twenty-four points for "legal constraint" not been included, the recommended guidelines range would have been two and one-half to three and one-half years' incarceration.
First, the state's contention that we cannot review this error because no contemporaneous objection was made at sentencing has been determined adversely to the state's position in State v. Whitfield, 487 So.2d 1045 (Fla. 1986). See also Brunson v. State, 489 So.2d 1159 (Fla. 1st DCA 1986).
*1294 Second, we hold that it was error to include the twenty-four points for "legal constraint." Rule 3.701(d)(6), Florida Rules of Criminal Procedure, provides:
Legal status at time of offense is defined as follows: Offenders on parole, probation, or community control; in custody serving a sentence; escapees; fugitives who have fled to avoid prosecution or who have failed to appear for a criminal judicial proceeding or who have violated conditions of a supersedeas bond; and offenders in pretrial intervention or diversion programs.
At the time of his escape, Brown was under arrest for driving without a valid license. His status as arrestee from which he escaped is not the kind of legal constraint contemplated by rule 3.701(d)(6). As we read the rule, it contemplates legal constraint as a result of some offense other than the constraint giving rise to the escape charge. This construction of the rule is consistent with the notion that legal constraint is an essential element of the crime of escape and thus should not be used as a ground for enhancing the sentence to be imposed.
Since a proper calculation of appellant's scoresheet would place him in a guidelines range of two and one-half to three and one-half years, and since the plea agreement contemplated a sentence at the low end of the guidelines range (which the trial judge previously did), we cannot conclude, as urged by the state, that the error is harmless. Accordingly, we reverse and remand for resentencing.
REVERSED and REMANDED.
WENTWORTH, J., and HALL, J. LEWIS, Jr., Associate Judge, concur.