THOMPSON, Judge.
Poppell appeals his conviction and 10 year sentence for burglary of a dwelling while armed. We affirm the conviction, but reverse and remand for resentencing.
After being found guilty as charged following a jury trial Poppell agreed to the imposition of a 10 year sentence in exchange for the state's agreement not to seek habitual offender sentencing. The recommended guidelines sentence was 4½ to 5½ years; therefore, the 10 year sentence constituted a departure sentence. In accordance with the parties’ agreement, the court sentenced Poppell to 10 years incarceration, and Poppell appealed. In the interim, in Whitehead v. State, 498 So.2d 863 (Fla.1986), the supreme court held that the habitual offender statute “cannot be considered as providing an exemption for a guidelines sentence,” and that habitual offender status is not an adequate reason for the imposition of a departure sentence. Id. at 865, 866. Although a defendant may, as part of a plea bargain, agree to a departure sentence, he cannot by agreement confer upon the court the authority to impose an illegal sentence. Williams v. State, 500 So.2d 501 (Fla.1986). If a departure sentence is unsupported by clear and convincing reasons the mere fact that the defend *391 ant agrees to it does not render it legal. Id.
Accordingly, we reverse Poppell’s 10 year sentence, and remand for resen-tencing. We note that upon remand nothing prevents the imposition of a departure sentence which is properly supported by one or more clear and convincing reasons. Affirmed in part, reversed and remanded in part.
SHIVERS, J., concurs.
NIMMONS, J., specially concurs.