513 So.2d 1362 (1987)
Edward Keith BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2221.
District Court of Appeal of Florida, Fifth District.
October 22, 1987.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a sentence where the trial judge departed from the recommended guideline sentence. Because appellant was guilty of violating his probation the judge could lawfully depart one cell upwards without giving any additional reason for departure. Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985). However, it was error to depart beyond one-cell upwards for the sole reason that appellant would serve no prison time unless the greater departure was imposed. Williams v. State, 492 So.2d 1308 (Fla. 1986). The appellant was originally sentenced to prison and consecutive community control for his crime. After serving the prison portion of the sentence he was under community control and violated its conditions. At sentencing the judge was concerned that no real punishment would result for the violation if only a one-cell departure was permitted because the appellant received credit for the time served under the first portion of the sentence. While we agree an anomalous *1363 situation is created when one cannot be imprisoned for a probation violation, such is the law. So, we must vacate the sentence and remand for resentencing.
SENTENCE VACATED.
COWART, J., concurs.
UPCHURCH, C.J., dissents with opinion.
UPCHURCH, Chief Judge, dissenting.
I must respectfully dissent. I think the trial judge gave a clear and convincing reason for departure when he stated:
It is necessary to go outside the guidelines in order that the defendant be incarcerated for the violation of probation. Without going outside the Guidelines Defendant would be entitled to discharge at the moment of sentencing.
The reason trial courts were given the discretionary authority to depart from the guidelines under Florida Rule of Criminal Procedure 3.701 was because it was recognized that the rules could not anticipate every eventuality. If probation is to be a viable sentencing alternative, a trial judge must have the ability to impose an effective sanction where a defendant refuses to abide by the probationary conditions the court has imposed.
I would affirm.