516 So.2d 46 (1987)
Anthony LOCKETT, Appellant,
v.
STATE of Florida, Appellee.
No. 87-0976.
District Court of Appeal of Florida, Fourth District.
December 2, 1987.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
*47 Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Amy L. Diem, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
Appellant was placed on one year community control on a charge of robbery. The sentencing guidelines recommended "any nonstate prison sanction" but the one year community control sentence was imposed by agreement between the defendant and the state pursuant to plea negotiations.
An affidavit of the defendant's violation of community control was filed; and after hearing, the trial court revoked the defendant's community control. A new sentencing guideline scoresheet recommended the same sentence  any nonstate prison sanction.
The trial court determined a one cell aggravation for violation of community control would allow a sentence in the 12 to 30 months range but decided to aggravate and impose a sentence of three years. The defendant objected to such sentence as an unlawful six months departure in aggravation from the guidelines. The court ruled that since appellant had agreed upon an aggravated sentence to begin with, it could aggravate more than one cell upon a violation of community control. This appeal followed. We reverse and remand for sentencing within the guidelines.
A review of the language of Florida Rule of Criminal Procedure 3.701(d)(14) clearly shows that sentences
imposed after revocation of probation or community control must be in accordance with the guidelines.

(Emphasis added.) If community control is violated, one may increase the sentence one bracket without giving clear and convincing reasons for the departure. Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985). In the instant case, the original guidelines range provided for "any nonstate prison sanction." The next higher guidelines range provided for "community control or 12-30 months incarceration." The trial court imposed a sentence two brackets up on the hierarchy of the guidelines presumptive sentence ranges  "3 years incarceration." It reasoned that this was necessary because the court would be "powerless" if the appellant were to violate a hypothetical sentence imposed within the community control or 12-30 months incarceration range since the court had already increased the sentence by one bracket.
Similar reasoning was rejected as a basis for departing more than one cell upward without giving any additional reason for departure upon violation of probation in Bryant v. State, 513 So.2d 1362 (Fla. 5th DCA 1987). In that case, the Fifth District Court of Appeal noted that
The appellant was originally sentenced to prison and consecutive community control for his crime. After serving the prison portion of the sentence he was under community control and violated its conditions. At sentencing the judge was concerned that no real punishment would result for the violation if only a one-cell departure was permitted because the appellant received credit for the time served under the first portion of the sentence.
Id. The trial judge's departure from the recommended guidelines sentence was vacated on the basis such departure was unlawful without stating any additional reason for departure. Likewise, in the instant case, the trial court erred in departing two cells upwards without giving clear and convincing reasons for said departure. Violation of community control justifies a one-cell upwards departure from the original recommended guidelines range. No authority for the appellee's proposition that a one-cell upwards departure from a plea agreement is valid has been given.
ANSTEAD, J., and SALMON, MICHAEL H., Associate Judge, concur.