517 So.2d 796 (1988)
Ishmael TORRES, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1554.
District Court of Appeal of Florida, Fourth District.
January 13, 1988.
*797 Richard L. Jorandby, Public Defender, and Thomas F. Ball, III, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Amy Lynn Diem, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant seeks review of the order of revocation of his community control and the sentence entered thereon. Appellant claims the trial court erred when it failed to grant his appointed counsel's request, at the preliminary revocation hearing, for a final hearing. We agree and reverse and remand this matter for a final revocation hearing. The mere appointment of counsel does not satisfy the requirements of State v. Hicks, 478 So.2d 22 (Fla. 1985), where the trial court fails to give that counsel an opportunity to counsel his client and an opportunity for a hearing.
Appellant also raises an error regarding his sentence of three years imprisonment. When the appellant was sentenced on the original charge of grand theft the recommended guidelines range was any non-state prison sanction. Appellant received two years probation with adjudication withheld. He violated that sentence a new scoresheet was prepared adding the violation of probation to the calculations and he received a new sentence of two years community control followed by two years probation. The new sentence was within the guidelines sentence with the one cell increase allowed under Rule 3.701(d)(14), Florida Rules of Criminal Procedure, which provides that a sentence imposed after revocation of probation or community control may be increased to the next higher cell without requiring a reason for departure. Appellant then violated the community control sentence and was sentenced to three years imprisonment.
Appellant argues that the trial court erroneously departed from the guidelines without giving written reasons when it sentenced him to three years imprisonment because the sentence resulted in an increase of two cells from the recommended sentence for the original grand theft offense. The state responds that the sentence imposed was only a one cell increase from the violation of probation offense range and since that was the sentence appellant was guilty of violating the trial court had to use that range as its starting point rather than the range for the original offense. The state also points out that increasing appellant's sentence one cell from the original offense range would have resulted in no aggravation at all thus the court was justified in not using that range when it determined appellant's new sentence.
The issue for our resolution is whether the trial court must use the original offense range as its starting point when applying the one cell increase allowed under Rule 3.701(d)(14) for violation of probation or community control. We believe this issue is resolved by our recent case of Lockett v. State, 516 So.2d 46 (Fla. 4th DCA 1987), wherein this court rejected a trial court's two cell increase of the defendant's sentence without written reasons. There the defendant had entered into a plea bargain with the state agreeing to an aggravated sentence. When that sentence, community control, was violated by the defendant the trial court ruled that since defendant had agreed to an aggravated sentence to begin with, it could aggravate more than one cell upon a finding of violation of community control, per Rule 3.701(d)(14). This court rejected the trial court's reasoning and said "[v]iolation of community control justifies a one-cell upwards departure from the original recommended guidelines range." Id. at 47.
*798 We believe the trial court's use of the range from the violation of probation sentence instead of the range from the original grand theft offense resulted in a departure that must be accompanied by written reasons. The substance of the state's argument, that to achieve any aggravation at all the trial court must be free to choose the proper range from which to begin, has been rejected in other forms. In Williams v. State, 492 So.2d 1308 (Fla. 1986) the court said the trial court may not substitute its own opinion for that of the Sentencing Guidelines Commission and depart based upon its perception that the guidelines sentence was not commensurate with the seriousness of the crime. In Bryant v. State, 513 So.2d 1362 (Fla. 5th DCA 1987) the court said it was error for the trial court to depart one cell upward for the sole reason that the defendant would serve no prison time unless the greater departure was imposed. We hold it was error for the trial court to use the violation of probation range rather than the original offense range in determining appellant's sentence. The sentence imposed is reversed for failure to include clear and convincing written reasons for the departure from the guidelines sentence.
Accordingly, we reverse the order of revocation of community control and the sentence imposed. This matter is remanded for a final hearing on the revocation and resentencing within the proper guidelines range.
REVERSED and REMANDED.
GLICKSTEIN, DELL and GUNTHER, JJ., concur.