SCHEB, Acting Chief Judge.
In January 1986 the defendant, Gerald A. Taylor, was placed on six years’ probation and two years’ community control after pleading guilty to forgery, three counts of theft with a credit card, and two counts of grand theft. Upon finding that he violated a condition of his probation, the trial court revoked the defendant’s probation and sentenced him to four and one-half years each on the forgery and grand theft charges and to time served on the remaining charges.
The defendant appealed the order revoking his probation. The public defender filed a brief with this court asserting that there was no arguable merit in the appeal and requesting permission of the court to withdraw as counsel of record pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Following our practice, we notified the defendant that he could file a supplemental brief within thirty days of our order. After receiving defendant’s pro se brief and the state’s answer brief, we reviewed this case. See Jones v. State, 468 So.2d 253 (Fla. 2d DCA 1985).
The defendant argues four points in his pro se brief. We only find merit in his contention that the trial court erred in adding points for legal constraint to the score-sheet prepared after his violation of probation. With the addition of six points for legal constraint the defendant’s scoresheet showed a total of 61 points, which placed him in the range of two and one-half to three and one-half years of incarceration. The trial judge then “bumped” the defendant’s sentence another cell for violation of probation and imposed the maximum guideline sentence, four and one-half years. See Fla.R.Crim.P. 3.701(d)(14).
The defendant was not under legal constraint at the time he committed the offenses for which he was being sentenced. Therefore, it was error to enhance his sentence on that basis. Burke v. State, 460 So.2d 1022 (Fla. 2d DCA 1984). The trial judge had the option of bumping his sentence one cell for the violation of probation, but that would only have placed him in the two and one-half to three and one-half years’ range.
Accordingly, we affirm the order revoking the defendant’s probation but vacate his sentence and remand for resentencing. The trial court shall have a new scoresheet prepared without the additional points for legal constraint and shall sentence the defendant within the recommended range of the sentencing guidelines. Our decision, of course, is without prejudice to the trial court’s ability to bump the defendant’s sentence up one cell for violation of probation.
CAMPBELL and THREADGILL, JJ., concur.