PER CURIAM.
Following our decision in Cridland v. State, 499 So.2d 48 (Fla. 3d DCA 1986), the trial court resentenced the defendant within the sentencing guidelines to twenty-two years imprisonment with a minimum mandatory sentence of three years imprisonment for carrying a firearm. The defendant appeals his sentence as being unlawfully imposed. We affirm.
First, the defendant complains that the scoring of points to determine the 17-22 year sentencing guidelines range was in error. We disagree. It was per *539 fectly proper to score twenty-one points for victim injury (death) in this second-degree murder with a firearm conviction; and the error of scoring six points for certain prior misdemeanor convictions was entirely harmless because (a) one point was clearly called for based on the defendant’s one prior misdemeanor conviction, and (b) the reduction of five points from the total points scored still places the defendant within the 17-22 year sentencing category. Indeed, the defendant upon remand actually asked the trial court to sentence him within the sentencing guidelines of 17-22 years imprisonment (R.ll-13). We reject all of the defendant’s arguments which retreat from this position upon this appeal. See, e.g., State v. Whitfield, 487 So.2d 1045 (Fla.1986); Farnam v. State, 516 So.2d 329 (Fla. 1st DCA 1987); Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985); Hendry v. State, 460 So.2d 589 (Fla. 2d DCA 1984); Moore v. State, 469 So.2d 947 (Fla. 5th DCA 1985), rev’d on other grounds, 489 So.2d 1130 (Fla.1986); Fla.R.Crim.P. 3.701(b)(4); Fla.R.Crim.P. 3.701(d)(7).
Second, the defendant complains that it was unconstitutional to impose a three-year mandatory minimum sentence for carrying a firearm under Section 775.-087, Florida Statutes (1985), based on his conviction for second-degree murder with a firearm. We reject this contention because (a) the jury convicted the defendant of second-degree murder with a firearm based on ample evidence adduced at trial, and (b) a three-year mandatory minimum sentence may be constitutionally imposed under the above statute in these circumstances. See, e.g., Scott v. State, 369 So.2d 330 (Fla. 1979); Blanton v. State, 388 So.2d 1271 (Fla. 4th DCA 1980), rev. denied, 399 So.2d 1140 (Fla.1981); Carter v. State, 464 So.2d 172 (Fla. 2d DCA); aff'd, 479 So.2d 117 (Fla.1985).
The sentence under review below is, therefore, in all respects
Affirmed.