523 So.2d 184 (1988)
Thomas HOSMER, Appellant,
v.
STATE of Florida, Appellee.
No. BQ-465.
District Court of Appeal of Florida, First District.
April 7, 1988.
*185 Michael E. Allen, Public Defender and Kenneth L. Hosford, Sp. Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Elizabeth A. Masters, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Pursuant to a negotiated plea, appellant was sentenced to six months incarceration in state prison, to be followed by two years on community control. The recommended guideline sentence was any nonstate prison sanction. The plea bargain included a one cell increase in the recommended sentencing range. The issue on appeal is whether, upon violation of community control, the trial court must use the original offense range as the starting point when applying the one cell increase allowed under Florida Rule of Criminal Procedure 3.701(d)(14), for violation of probation or community control. We reverse and remand for resentencing.
Appellant served the six month sentence. Thereafter, he violated his community control. A new scoresheet was prepared which, with the Rule 3.701(d)(14)[1] one cell increase for violation of probation or community control, indicated a recommended sentencing range of community control or twelve to thirty months incarceration. The trial court determined that the negotiated plea placed appellant one step up from the primary offense sentencing range, for all subsequent purposes. Accordingly, the trial court sentenced appellant pursuant to the plea bargain sentencing range, which constituted a one cell increase from the community control violation, but a two cell increase from the primary offense at conviction.
On appeal, appellant does not challenge the original plea bargain. However, he maintains that his agreement to the plea bargain cannot be taken as authority for the trial court to impose an illegal sentence. The state contends that appellant negotiated an above guidelines sentence, thereby making his sentence to community control lawful. Therefore, the state maintains the trial court acted within its discretion in sentencing appellant one cell higher than the community control sentencing range, when he violated community control.
It is well settled that a plea bargain constitutes a valid reason for a guideline departure sentence. Holland v. State, 508 So.2d 5 *186 (Fla. 1987); Smith v. State, 519 So.2d 731 (Fla. 1st DCA 1988); Denmark v. State, 519 So.2d 20 (Fla. 1st DCA 1987); Marrow v. State, 518 So.2d 479 (Fla. 1st DCA 1988); Lawson v. State, 497 So.2d 288 (Fla. 1st DCA 1986); Quarterman v. State, 506 So.2d 50 (Fla. 2d DCA 1987); Bass v. State, 496 So.2d 880 (Fla. 2d DCA 1986); Key v. State, 452 So.2d 1147 (Fla. 5th DCA), pet. for review denied, 459 So.2d 1041 (Fla. 1984). To be sustained, however, a plea bargain which constitutes a departure must be lawful at the time of sentencing, for "[a] defendant cannot by agreement confer on the court the authority to impose an illegal sentence." Williams v. State, 500 So.2d 501, 503 (Fla. 1986); Ivey v. State, 516 So.2d 335 (Fla. 1st DCA 1987); Poppell v. State, 509 So.2d 390 (Fla. 1st DCA 1987). Dupont v. State, 514 So.2d 1159 (Fla. 2d DCA 1987).
The question for resolution is whether, by virtue of the negotiated plea for a one cell increase for the primary offense, the trial court could use the increased range as the starting point for the one cell increase permitted by Rule 3.701(d)(14) for violation of community control.
We conclude that this application of the plea bargain constitutes an impermissible departure from the guidelines. In nearly identical circumstances, the Fourth District rejected the state's argument that a one-cell upwards departure from a plea agreement is valid. Lockett v. State, 516 So.2d 46 (Fla. 4th DCA 1987). In Lockett, the court reviewed the language of Rule 3.701(d)(14), which expressly states that sentences "imposed after revocation of probation or community control must be in accordance with the guidelines." The court construed this language to mean that "[v]iolation of community control justifies a one-cell upwards departure from the original recommended guidelines range." (Emphasis supplied.) The court found the two-cell increase was unlawful because unsupported by written reasons to justify the departure. Therefore, the sentence imposed for violation of community control was reversed and remanded for resentencing within the guidelines.
In Torres v. State, 517 So.2d 796 (Fla. 4th DCA 1988), as in the instant case, appellant's recommended guidelines range on the original charge was any nonstate prison sanction. Torres received two years probation, which he subsequently violated. He received a new sentence of two years community control, followed by two years probation. Torres violated community control and was sentenced to three years imprisonment, a two-cell increase from the recommended sentence for the original charge. The court held that "the trial court's use of the range from the violation of probation sentence instead of the range from the original grand theft offense resulted in a departure that must be accompanied by written reasons." 517 So.2d at 798. Since the trial court failed to provide clear and convincing reasons for departure, the sentence imposed upon revocation of community control was reversed for resentencing within the guidelines.
In this case, unlike the situation which obtained in Denmark v. State and Quarterman v. State, appellant does not challenge the sentence imposed pursuant to the plea agreement. Rather, appellant maintains that the trial court erred in using the plea bargain sentence as the starting point for the sentence imposed for violation of community control. We agree. We are in accord with the rationale articulated by the Fourth District in Torres and Lockett, that a plea bargain for a departure sentence cannot thereafter be used as a mechanism for a two cell increase for violation of probation or community control. Such an increase would constitute an impermissible departure from the recommended guidelines range. Fla.R.Crim.P. 3.701(d)(11). In other words, although a plea bargain may provide a valid reason for departure with respect to the initial disposition, it cannot be viewed as an implicit waiver of the guidelines with respect to sentencing subsequent to the initial disposition. See Henry v. State, 498 So.2d 1006 (Fla. 2d DCA 1986).
Therefore, we conclude the trial court erred in departing two cells upward for violation of community control, without *187 giving clear and convincing reasons for the departure. "Violation of community control justifies a one-cell upward departure from the original recommended range." Torres, 517 So.2d at 797.
Accordingly, the sentence imposed for violation of community control is reversed and remanded for resentencing within the guidelines.
SHIVERS and THOMPSON, JJ., concur.
NOTES
[1] Fla.R.Crim.P. 3.701(d)(14), provides:

14. Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.