HALL, Judge.
The appellant alleges error in the calculation of his score under the sentencing guidelines. We agree that points were improperly included in the appellant’s score for legal constraint and remand for resen-tencing.
The appellant was charged in count one of an amended information filed on June 25,1985, with burglary and in the course of committing the burglary committing battery in violation of section 810.02, Florida Statutes (1985). The second count charged the appellant with battery in violation of section 784.03, Florida Statutes (1985). Pursuant to a plea agreement, the appellant pled nolo contendere to the first count and the state nol-prossed the second count. The trial court adjudicated the appellant guilty and placed him on five years’ probation with the special condition that he not contact his ex-wife.
The appellant violated his probation by contacting his ex-wife, and therefore, the trial court terminated his probation and sentenced him for the burglary within the guidelines to six years in prison. His scoresheet reflected a one-cell bump for violation of probation and points for victim injury and legal constraint.
The appellant, citing Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985), argues that he should not have been scored for victim injury since at the time he was sentenced victim injury had to be an element of the offense to be scored and victim injury is not an element of burglary. Fla. R.Crim.P. 3.701(d)(7).[1] This argument would be true if the appellant had not been convicted of burglary under section 810.-02(2)(a), which states: “(2) Burglary is a felony of the first degree ... if in the course of committing the offense, the offender: (a) makes an assault or battery upon any person.”
Battery is defined in section 784.03 as actually and intentionally striking another person or intentionally causing bodily harm to an individual. Therefore, injury to the victim is an element of the offense and was properly scored. See, e.g., Moore v. State, 469 So.2d 947 (Fla. 5th DCA 1985), quashed on other grounds, 489 So.2d 1130 (Fla.1986).
The appellant also argues that he was adjudicated guilty of burglary, a second-degree felony, but that his judgment and sentence erroneously classify the burglary as a first degree felony. We find no merit in this argument since, as previously stated, burglary under section 810.02(2)(a) is a first degree felony.
Finally, the appellant argues that the trial court erred in assessing points for legal constraint since he was not on probation when he committed the burglary, the offense for which he was being sentenced. We agree. See Taylor v. State, 522 So.2d 924 (Fla. 2d DCA 1988). In so holding we note the trial court still has the option of bumping the appellant’s sentence one cell for the violation of probation under Florida Rule of Criminal Procedure 3.701(d)(14).
Accordingly, we affirm the appellant’s conviction but remand for resentencing and direct that a new scoresheet be prepared without the additional points for legal constraint.
CAMPBELL, C.J., and LEHAN, J., concur.

. The legislature has since amended the guidelines to allow points for victim injury regardless of whether it is an element of the crime for which the defendant is being sentenced. Ch. 87-110, § 1, Laws of Florida.