PER CURIAM.
James White appeals his convictions and sentences for burglary and dealing in stolen property. We affirm the convictions, but agree that the trial court erroneously added ten points for “legal constraint” when calculating White’s guideline sentence.
The only apparent justification for the addition of these points stems from the fact that, prior to his arrest in the instant case, White once had failed to appear to answer a misdemeanor charge. Had he remained a fugitive from the county court, White would have been under “legal constraint” for purposes of guideline sentencing. Gemme v. State, 508 So.2d 533 (Fla. 2d DCA 1987). However, the warrant issued in the misdemeanor case had been discharged prior to the date White was alleged to have committed the offenses now before us. Rule 3.701(d)(6), Florida Rules of Criminal Procedure, specifically refers to legal status at the time of the offense. Since deletion of the ten points would result in a one-cell reduction of the guideline recommendation, White must be resentenced utilizing a corrected score-sheet.
Affirmed in part, reversed in part, and remanded with directions.
RYDER, A.C.J., and FRANK and ALTENBERND, JJ., concur.