SHIVERS, Chief Judge.
Appellant, Gary Jackson, appeals the sentence imposed by the trial court after Jackson violated his community control. We reverse and remand for the reasons set out below.
The record on appeal indicates that Jackson originally pled guilty to the sale or purchase of cocaine in April 1988 and was placed on four years probation — within the presumptive guideline sentence of any non-state prison sanction. In August 1988, he violated probation and was sentenced to two years community control. Four months later, he was charged with violating community control and, after a June 1989 bench trial, community control was revoked. A one-cell increase in the presumptive guideline sentence, based on violation of probation or community control, would have placed appellant in the range of community control or 12-30 months incarceration. Instead, the trial court sentenced appellant to 3¥2 years incarceration, representing a two-cell increase in the presumptive sentence. No reasons were given for the two-cell departure.
The State concedes that the trial court’s sentence was improper, based on Torres v. State, 517 So.2d 796 (Fla. 4th DCA 1988). In Torres, the defendant was originally sentenced to two years probation. Upon violation of probation, he was sentenced to two years community control followed by two years probation. He then violated community control and was sentenced to three years imprisonment — an upward increase of two cells from the presumptive guideline sentence. The appellate court reversed and remanded for resentencing, holding that the trial court erred in using appellant’s violation of probation sentencing range rather than his original sentencing range as the starting point for applying the one-cell bump-up, without giving written reasons for departure. See also Hosmer v. State, 523 So.2d 184 (Fla. 1st DCA 1988).
As in Torres and Hosmer, supra, the trial court in the instant case erroneously increased appellant’s original sentence by two cells, following the 1989 violation of community control, without stating clear and convincing reasons for departure. Under Rule 3.701(d)(14), Fla.R.Crim.P., the court should have either sentenced appellant within the original presumptive range of any nonstate prison sanction or, at its discretion, within the next higher cell of community control or 12-30 months incarceration.
Accordingly, we reverse appellant’s sentence and remand for resentencing in accordance with this opinion.
REVERSED and REMANDED.
JOANOS and ZEHMER, JJ., concur.