GOSHORN, Judge.
Denegal pled guilty to grand theft and was placed on 3 years’ probation. After violating his probation, Denegal was sentenced to 2 years’ community control, based upon a guideline recommendation of 12 to 30 months in prison or community control. This recommendation reflected the one cell bump-up permitted after a violation of probation. Fla.R.Crim.P. 3.701(d)(14). Denegal then violated his community control and was sentenced to 3V2 years in the Department of Corrections. This sentence represented a one cell increase from the community control guideline cell and a two cell increase from the presumptive guideline sentence for the original offense of grand theft. Denegal contends that this two cell departure from the recommended guideline sentence for the original conviction of grand theft is error. We agree and reverse.
Rule 3.701(d)(14), Florida Rules of Criminal Procedure provides:
14. Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased, to the next higher cell (guidelines range) without requiring a reason for departure.[1]
The issue thus presented is whether the sentencing guidelines permit second or successive one cell increases or whether the court must use the original offense range as its starting point when applying the permitted one cell increase. The Fourth District addressed this question in Torres v. State, 517 So.2d 796 (Fla. 4th DCA 1988). Our sister court observed that Rule 3.701(d)(14) clearly requires that “sentences imposed after revocation of probation or community control must be in accordance with the guidelines,” and held
it was error for the trial court to use the violation of probation range rather than the original offense range when determining appellant’s [guideline] sentence.
Id. at 798. Similar reasoning was used in Hosmer v. State, 523 So.2d 184 (Fla. 1st DCA 1988) (plea bargain for a one-cell departure sentence cannot thereafter be used as a mechanism for a two cell increase from original guideline range after violation of probation or community control) and Lockett v. State, 516 So.2d 46 (Fla. 4th DCA 1987) (violation of community control did not justify a two-cell upward departure from original guideline range even though original community control sentence was an aggravated sentence imposed pursuant to a plea agreement).
We agree with the above cited cases and hold that the imposition of a sentence which constitutes a two-cell upward departure from the recommended range for the original offense, without giving reasons for the departure, is improper. Accordingly, Denegal’s sentence is reversed and the cause is remanded for resentencing.
Sentence REVERSED; REMANDED.
COWART and PETERSON, JJ., concur.

. There is no indication in the record that the trial court either thought it was exceeding the guidelines or intended to do so. No reasons were given justifying a guideline departure sentence.