PARKER, Judge.
John Brown and Stacy Brown, the plaintiffs, appeal a final judgment entered for the defendants, Crane, Phillips, Thomas & Metts, P.A., Dr. Crane, and Dr. Metis, in this medical malpractice action. The Browns, in their individual capacities and for their two minor twin children, sued the doctors and the professional association, alleging negligence in the events surrounding the delivery of their twins, Matthew and Linsey, which resulted in brain damage and central nervous system damage to the twins. The Browns allege that three separate rulings during trial require reversal. We agree with their position concerning the defense counsel’s cross-examination of an expert witness and reverse the final judgment.
When the attorney for the defendants cross-examined one of the Browns’ expert witnesses, the trial court, over the plaintiffs’ objections, permitted the defense attorney to read passages from a chapter in a medical textbook in the presence of the jury. The expert, Dr. Katz, stated that he had not read that chapter, even though Dr. Katz himself had authored another chapter about a different subject matter in the same book. Dr. Katz testified that he did not recognize any entire book as being authoritative.
Section 90.706, Florida Statutes (1987) provides:
Statements of facts or opinions on a subject of science, art, or specialized knowledge contained in a published treatise, periodical, book, dissertation, pamphlet, or other writing may be used in cross-examination of an expert witness if the expert witness recognizes the author or the treatise, periodical, book, dissertation, pamphlet, or other writing to be authoritative, or, notwithstanding nonrecognition by the expert witness, if the trial court finds the author or the treatise, periodical, book, dissertation, pamphlet, or other writing to be authoritative and relevant to the subject matter.
We conclude that it was error to permit the defense attorney to read portions of a medical text in the presence of the jury while Dr. Katz was under cross-examination. Dr. Katz was unfamiliar with the chapter and did not recognize the text as being authoritative. Further, the defendants failed to establish independently the authoritativeness of the author or the text.
It is settled by statute, case law, and treatises, that statements contained in medical literature cannot be used to cross-examine a witness unless the literature is established to be a reliable authority by the testimony or admission of the witness or by other expert testimony or by judicial notice.
Call v. Tirone, 522 So.2d 538, 534 (Fla. 3d DCA 1988) (citations omitted). From the record before this court, we cannot say this error was harmless.
Reversed and remanded for proceedings consistent with this opinion.
RYDER, A.C.J., and LEHAN, J., concur.