578 So.2d 339 (1991)
Louie Anthony SELLERS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2367.
District Court of Appeal of Florida, First District.
April 3, 1991.
Rehearing Denied May 10, 1991.
*340 Barbara M. Linthicum, Public Defender, and Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Louie Anthony Sellers appeals the sentences imposed upon adjudication that he had violated certain conditions of his community control. He had been sentenced to two years' community control upon being adjudicated guilty of the two underlying charges, dealing in stolen property (case number 89-3115) and burglary of a structure (case number 89-3116). The sentencing guidelines scoresheet for the primary offense of dealing in stolen property, rule 3.988(f), Florida Rules of Criminal Procedure, was calculated by multiplying the score of 6 for legal constraint by two, the number of offenses involved, and the inclusion of 12 points for legal constraint resulted in a total score of 96 points. The guidelines cell for this point score contained a recommended range of 4 1/2 to 5 1/2 years and a permitted range of 3 1/2 to 7 years. Upon revocation of community control, Sellers was sentenced in case number 89-3115 to a term of 6 years' imprisonment followed by a period of 9 years on probation, and in case number 89-3116 to a term of 3 years in prison followed by a period of 2 years on probation, the sentences to run concurrently. He asserts three errors on this appeal.
Sellers's first point contends that the guidelines scoresheet was incorrectly calculated because rule 3.701 does not specify that the indicated score for legal constraint (6) be multiplied by the number of offenses (2) he committed while under legal constraint. He points out that using only the 6 points authorized on the scoresheet, rather than the 12 points actually used, results in a total score of 90 points, which would place him in a lower cell having a recommended sentencing range of 3 1/2 to 4 1/2 years and a permitted range of 2 1/2 to 5 1/2 years. This error, Sellers argues, requires that his sentence be vacated and the cause remanded for resentencing based upon a correctly calculated scoresheet.
Responding to this point, the state contends that no error occurred because rule 3.701 contemplates multiplying this factor for legal constraint by the number of offenses involved; and that even if this is incorrect, the error is harmless because the 6-year sentence that was imposed falls within the permitted range of the next higher cell and is thus within the guidelines sentence authorized by the one cell bump-up provision in rule 3.701(d)(14). The state relies on the fifth district decisions in Flowers v. State, 567 So.2d 1055 (Fla. 5th DCA 1990), and Walker v. State, 546 So.2d 764 (Fla. 5th DCA 1989), which support their construction of the guidelines rule.
Addressing this threshold issue, we note the absence of a clear analysis justifying the result in the fifth district decisions and are persuaded to follow the rationale of Judge Cowart's dissent in Flowers, 567 So.2d at 1055. We likewise agree with the rationale set forth in the recent decisions of the second district in Scott v. State, 574 So.2d 247 (Fla. 2d DCA 1991), and Lewis v. State, 574 So.2d 245 (Fla. 2d DCA 1991). Accordingly, we hold it was error to multiply the indicated points for legal constraint by the number of offenses involved. We certify direct conflict with Flowers and Walker.
The state argues that this error should be treated as harmless because the 6-year sentence imposed falls within the permitted range of the next higher cell, and thus is valid under rule 3.701(d)(14). We have encountered considerable difficulty in evaluating the state's argument, however, because the state cites no authority for this argument, and appellant's brief does not even respond to it. Thus, we are left to *341 decide this issue based on our own knowledge of the law and verifying legal research that we have diligently performed to avoid handing down a decision in conflict with prior appellate decisions of this and other Florida courts. Our research reveals that in cases where an error has occurred in calculating the guidelines score and the corrected score nevertheless places the defendant in the same guidelines cell, the error is considered harmless. E.g., Guardado v. State, 562 So.2d 696 (Fla. 3d DCA 1990); Huggins v. State, 537 So.2d 207 (Fla. 4th DCA 1989); Cridland v. State, 522 So.2d 538 (Fla. 3d DCA 1988). However, when the deletion of improperly included points in the guidelines score results in a reduction of one or more cells, the sentence should be vacated and the cause remanded for resentencing upon a properly calculated scoresheet. E.g., White v. State, 537 So.2d 196 (Fla. 2d DCA 1989); Thorn v. State, 529 So.2d 363 (Fla. 2d DCA 1988). In Brown v. State, 502 So.2d 1293 (Fla. 1st DCA 1987), the defendant was sentenced to 3 1/2 years imprisonment pursuant to a guidelines scoresheet that improperly included points for legal constraint, resulting in a total score that called for a range of 3 1/2 to 4 1/2 years. We rejected the state's argument that this error was harmless, explaining:
Since a proper calculation of appellant's scoresheet would place him in a guidelines range of two and one-half to three and one-half years, and since the plea agreement contemplated a sentence at the low end of the guidelines range (which the trial judge previously did), we cannot conclude, as urged by the state, that the error is harmless. Accordingly, we reverse and remand for resentencing.
502 So.2d at 1294. This rationale is consistent with the theory of the guidelines, recognized soon after the courts of this state began dealing with sentencing guidelines, that a correct calculation of the scoresheet is essential to establish a valid base for the trial court's exercise of its discretion in determining an appropriate sentence under the guidelines. Thus, it has been held, "an incorrectly calculated minimum-maximum sentence range under the guidelines constitutes an erroneous base upon which the trial court exercises its discretion in aggravating the sentence, and requires reversal for resentencing, even in the absence of a contemporaneous objection." Higgs v. State, 470 So.2d 75, 76 (Fla. 3d DCA 1985). See also, Tucker v. State, 464 So.2d 211 (Fla. 3d DCA 1985). Only in circumstances where the appellate court is clearly convinced that the defendant would have received the same sentence not withstanding the scoresheet error, such as where the sentence was imposed in accordance with a valid plea agreement, have the sentences been affirmed under the harmless error doctrine despite the erroneous score. Orsi v. State, 515 So.2d 268 (Fla. 2d DCA 1987).
Applying the parameters of harmless error discerned from these cases, we conclude that the erroneous scoresheet calculation in this case cannot be treated as harmless. The trial court, using the scoresheet then before it, imposed a 6-year sentence that fell within the permitted range of the cell for a score of 96 points. The court did not go to the next higher cell to impose a sentence for violation of community control as allowed by rule 3.701(d)(14). Thus, it would be pure speculation on our part to assume that the trial court would not impose a sentence within the permitted range of the correct cell for the recalculated score but would now go to the next higher cell. There is nothing in this record to indicate the basis for the court's selecting the sentence that it did other than the fact that the sentence fell within the permitted range for the cell indicated by the total score he was then using. Under these circumstances, we cannot apply the harmless error rule to affirm the appealed sentence. The sentence must be vacated and this cause remanded for resentencing.
Sellers's second point contends that the trial court erred in imposing a sentence corresponding to a one-cell permitted range increase from the original sentencing range when the original sentence (community control) was below the permitted range. This argument is based on the notion that community control fell two cells below the cell for a score of 96 points and one cell below that for a score of 90 points. However, *342 even if the original scoresheet had been correct, this argument has been rejected for the reason that the one-cell increase authorized by rule 3.701(d)(14) for violating community control or probation is based on the permitted range shown on the original guidelines scoresheet used at the first sentencing. Peters v. State, 531 So.2d 121 (Fla. 1988); Franklin v. State, 545 So.2d 851 (Fla. 1989); True v. State, 564 So.2d 1104 (Fla. 4th DCA 1990); Washington v. State, 564 So.2d 168 (Fla. 5th DCA 1990); Denegal v. State, 562 So.2d 828 (Fla. 5th DCA 1990); Hosmer v. State, 523 So.2d 184 (Fla. 1st DCA 1988); Lockett v. State, 516 So.2d 46, 47 (Fla. 4th DCA 1987). We reject this argument.
Finally, Sellers contends that the trial court erred in imposing a period of probation in the written sentence that exceeds the probation specified in its oral pronouncement. The state concedes error on this point, agreeing that the two-year period of probation imposed in case number 89-3116 must be struck and the nine-year period of probation in case number 89-3115 must be reduced to three years. We agree with the state that the record reflects a need to correct these errors. However, as the case must be remanded for resentencing, these errors can be corrected at that time.
REVERSED AND REMANDED.
JOANOS, J., and CAWTHON, Senior Judge, concur.