634 So.2d 276 (1994)
Stephon Leroy THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-0229.
District Court of Appeal of Florida, Fourth District.
March 30, 1994.
*277 Henry J. Meyer, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
POLEN, Judge.
Appellant, Stephon Leroy Thomas, appeals a final judgment finding him guilty of violating two probations, and the sentences resulting from the violations. We find no merit in Thomas' argument that he should not have been found guilty of violating his probation because the affidavit of violation alleged that he resisted arrest with violence, and he was actually convicted of resisting arrest without violence. As we have concluded that Thomas had sufficient notice of the nature of the charges in the affidavit of violation of probation, we affirm the judgment below. See Hines v. State, 358 So.2d 183 (Fla. 1978); and Freiheit v. State, 458 So.2d 1172 (Fla. 4th DCA 1984).
However, we do find that by sentencing Thomas to consecutive twelve year terms on each violation of probation, the lower court impermissibly exceeded the guideline range for a violation of probation. In accordance with Florida Rule of Criminal Procedure 3.701(d)(14), a one cell increase is permitted, without requiring written reasons for departure, in sentences imposed after a revocation of probation. See Torres v. State, 517 So.2d 796 (Fla. 4th DCA 1988) (holding that it was error to use the violation of probation range rather than the original offense range in determining the appellant's sentence, and reversing the sentence imposed for failure to include clear and convincing reasons for the departure from the guideline sentence). Thus, in accordance with our prior opinion in Torres, and the Florida Rules of Criminal Procedure, Thomas' sentence cannot exceed the guideline range plus a one cell bump which is a permissible range of nine (9) to twenty-two (22) years, and a recommended range of twelve (12) to seventeen (17) years. We reverse and remand for resentencing in accordance with these guidelines.
HERSEY and STEVENSON, JJ., concur.