673 So.2d 149 (1996)
Linda Ann MONROE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3724.
District Court of Appeal of Florida, First District.
May 13, 1996.
*150 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Patrick F. Martin, Assistant Attorney General, Tallahassee, for Appellee.
MICKLE, Judge.
This is an appeal of a judgment and sentence imposed upon the appellant's violation of community control. We affirm the finding of a violation of community control. The appellant contends, and the state concedes, that it was error to utilize only one sentencing guidelines scoresheet for her 1993 and 1994 crimes. See § 921.001(4)(b)1-2, Fla.Stat. (Supp.1994); Tubwell v. State, 661 So.2d 380 (Fla. 1st DCA 1995); Heath v. State, 656 So.2d 527 (Fla. 1st DCA 1995). Because the removal of the 1994 offenses from the 1993 scoresheet reduces the total points by 12 and results in a lowering of the sentencing range by one cell, see Florida Rule of Criminal Procedure 3.988(i), we vacate the sentence for the 1993 offense (child abuse) in Circuit Court Case No. 93-5850 and remand for resentencing upon a properly calculated scoresheet. Sellers v. State, 578 So.2d 339, 341 (Fla. 1st DCA), aff'd, 586 So.2d 340 (Fla.1991); White v. State, 537 So.2d 196 (Fla. 2d DCA 1989).
We affirm the sentence imposed on the 1994 offenses in Circuit Court Case No. 94-297, for the 5-year prison sentence imposed upon revocation of community control accords with the terms of the appellant's valid written amended plea agreement. Under the terms of that agreement, the appellant agreed to 5 years in state prison, to be suspended pending successful completion of 2 years of community control. As stated, she failed to complete the community control program. We are clearly convinced that the appellant would have received the same sentence for these 1994 offenses, notwithstanding the scoresheet error, because the sentence was imposed in accordance with the valid plea agreement. Accordingly, any error in imposing the 5-year prison term based on the use of a single scoresheet is harmless error. Sellers, 578 So.2d at 341; Orsi v. State, 515 So.2d 268 (Fla. 2d DCA 1987).
On remand, the trial court should correct the written judgment to reflect that the third-degree felony to which the appellant pled and for which she was sentenced is child abuse, not "aggravated child abuse." Smith v. State, 661 So.2d 912 (Fla. 1st DCA 1995). The lower tribunal is directed to enter an explanatory written order of revocation conforming to its oral pronouncements. Jones v. State, 638 So.2d 126 (Fla. 1st DCA 1994).
AFFIRMING violation of community control, VACATING AND REMANDING FOR RESENTENCING in Circuit Court Case No. 93-5850, AFFIRMING the sentence in Circuit Court Case No. 94-297, and directing *151 the lower court to correct the crime listed on the judgment and to enter a written order of revocation.
MINER and ALLEN, JJ., concur.