DELL, Judge.
John MeGlothlin was charged with two counts of capital sexual battery. Pursuant to a negotiated plea agreement, he entered a plea of nolo contendere to two counts of lewd and lascivious acts on a child in exchange for stipulated upward departure sentences of seven years in prison followed by eight years of probation for each count, to run concurrently.
After his release from prison, appellant admitted to violating his probation by failing to pay for the costs of supervision and driving while under the influence of alcohol. The trial court revoked appellant’s probation. A new sentencing guidelines seoresheet provided for a recommended sentence of 3½ to 4½ years and a permitted range of 2½ to 5½ years in prison. However, the trial court departed from the guidelines based on the underlying plea agreement and sentenced appellant to fifteen years. Appellant contends that the underlying plea agreement is not a valid reason for departure. We agree.
The State argues that the sentence was appropriate because if the trial court sentenced MeGlothlin pursuant to the guidelines, his violation of probation would be virtually without penalty because he served almost three years in prison on the original sentence. In Filmare, v. State, 519 So.2d 73 (Fla. 5th DCA 1988), the fifth district addressed a similar argument and concluded that “[a] trial court can depart beyond the next cell for a violation of probation if there are clear and convincing reasons. However, it is error to depart beyond one cell upwards for the sole reason that a defendant would serve no prison time unless a greater departure is imposed.” Id. at 73 (citation omitted). See Bryant v. State, 513 So.2d 1362 (Fla. 5th DCA 1987). See also Torres v. State, 517 So.2d 796, 797-98 (Fla. 4th DCA 1988); Lockett v. State, 516 So.2d 46, 47 (Fla. 4th DCA 1987).
Here, the only reason stated by the trial court for appellant’s departure sentence was the underlying “uncoerced plea agreement.” In Hosmer v. State, 523 So.2d 184, 185 (Fla. 1st DCA 1988), the court concluded that ordinarily a plea bargain constitutes a valid reason for a guidelines departure sentence. However, the court stated that:
[a] plea bargain for a departure sentence cannot thereafter be used as a mechanism for a [greater] increase for violation of probation or community control. Such an increase would constitute an impermissible departure from the recommended guidelines range. Fla. R.Crim. P. 3.701(d)(ll). In other words, although a plea bargain may provide a valid reason for departure with respect to the initial disposition, it cannot be viewed as an implicit waiver of the guidelines with respect to sentencing subsequent to the initial disposition.
Id. at 186. See also Torres, 517 So.2d at 797-98; Lockett, 516 So.2d at 47.
Accordingly, we reverse appellant’s sentence and remand this cause to the trial court for resentencing within the guidelines.
REVERSED and REMANDED FOR RE-SENTENCING.
WARNER and KLEIN, JJ., concur.