PER CURIAM.
Benjamin Whitfield appeals his conviction and sentence for manslaughter and aggravated child abuse, raising four issues. We affirm and write only to address an issue of first impression, regarding the trial court’s application of section 90.706, Florida Statutes (2001), to prevent the defense from cross-examining the state’s medical witnesses using an article published in a medical journal.
Whitfield was charged with first-degree murder and aggravated child abuse of four-year-old Kwantrelle Greene, who died as a result of a massive subdural hemato-ma on the right side of his brain sustained while he was in Whitfield’s care on March 20, 1999. One of Whitfield’s theories of defense was that Kwantrelle struck his head in a fall from the kitchen table. Two physicians who treated Kwantrelle testified that this type of injury was inconsistent with a simple fall off a table. During cross-examination of the physicians, the defense attempted to use an article by Dr. John Plunkett entitled “Fatal Pediatric Head Injuries Caused by Short Distance Falls,” in the American Journal of Forensic Medicine and Pathology, which purportedly documents cases of children dying from subdural hematomas after short falls.
The state objected, relying on section 90.706, Florida Statutes (2001), which provides:
Authoritativeness of literature for use in cross-examination. — Statements of facts or opinions on a subject of science, art, or specialized knowledge contained in a published treatise, periodical, book, dissertation, pamphlet, or other writing may be used in cross-examination of an expert witness if the expert witness recognizes the author or the treatise, periodical, book, dissertation, pamphlet, or other writing to be authoritative, or, notwithstanding nonrecognition by the expert witness, if the trial court finds the author or the treatise, periodical, book, dissertation, pamphlet, or other writing to be authoritative and relevant to the subject matter.
Dr. Thomas Truman testified that the article was not authoritative, because Dr. Plunkett had merely culled 18 case studies from the Consumer Products Safety Commission database, which were a compilation of only a few isolated incidents and did not take relevant, important factors into consideration. He opined the article is not generally accepted in the medical community, and, although the periodical itself is recognized in the medical community, this did not mean that every article published in it should be considered authoritative or widely accepted. The trial court ruled that because Dr. Truman did not find the article to be authoritative, the defense could establish authoritativeness through other means. Whitfield objected, arguing that all he had to show was that the periodical was authoritative, rather than the article itself, and he had no other witnesses to testify on the matter. The court concluded that the article could not be used to cross-examine Dr. Truman.
The identical issue arose during the testimony of Dr. David Stewart, who testified that while he reads articles in the journal, he would neither concede that Dr. Plunk-ett nor the article were authoritative on the issue. He continued that he agreed with some of the matters Dr. Plunkett wrote in the article, but disagreed with *531 others. As it had with Dr. Truman s testimony, the court excluded cross-examination of Dr. Stewart by means of the article.
The trial court properly precluded the defense from using Dr. Plunkett’s article as a tool for cross-examination of medical experts. Section 90.706 permits the opposing party to cross-examine by the use of published material when the expert witness recognizes such particular writing to be authoritative. Medical and scientific journals are known to often contain controversial research. Although a journal may be reputable, this does not mean a specific article contained in the journal is authoritative in the field. Cf. Brown v. Crane, Phillips, Thomas & Metts, P.A., 585 So.2d 947 (Fla. 2d DCA 1991) (holding that the trial court erred by allowing the defense to cross-examine a medical expert using a chapter from a medical textbook, even though the expert had authored a different chapter in the samé book, because the expert was not familiar with the chapter in question and did not consider the text authoritative; consequently, the defense did not establish the authoritativeness of the author or the text independently). If the expert refuses to concede that the particular writing is authoritative, the party may prove to the court in some other way that the text is authoritative. Because Whitfield failed to meet his burden under section 90.706, his convictions are
AFFIRMED.
ERVIN, ALLEN and LEWIS, JJ., concur.