485 So.2d 900 (1986)
Joseph TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 85-612.
District Court of Appeal of Florida, Fourth District.
April 2, 1986.
Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
The defendant violated his probation and the trial court revoked it. The trial court then prepared a sentencing guideline scoresheet which reflected 52 points for category five offenses. The recommended sentencing range for that number of points is twelve to thirty months incarceration. The trial court decided to exceed the recommended sentence and imposed four concurrent terms of four years in prison followed by two years of community control for the burglary offenses.
The defendant contends that in assessing points the trial court improperly added ten points to his score on the ground that he was legally constrained at the time he violated his probation. The guideline sheet provides that the trial court add ten points if the defendant's status at the time of the offense is under "legal constraint." Florida Rule of Criminal Procedure 3.701(d)(6) defines legal status at the time of the offense as:

*901 6. Legal status at time of offense is defined as follows: Offenders on parole, probation, or community control; in custody serving a sentence; escapees; fugitives who have fled to avoid prosecution or who have failed to appear for a criminal judicial proceeding or who have violated conditions of a supersedeas bond; and offenders in pretrial intervention or diversion programs.
This rule does not clearly state whether "legal status at time of offense" refers to only the primary offense or to any offense at conviction. When a defendant is being sentenced in a probation revocation hearing only for the original crime, case law provides that points may only be added if the defendant is under legal constraint at the time he committed the offense, not at the time probation was revoked. Brown v. State, 481 So.2d 1271 (Fla. 5th DCA 1986); Burke v. State, 460 So.2d 1022 (Fla. 2d DCA 1984); Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984). If the defendant is being sentenced for an additional crime at the revocation hearing, then it is proper to find that the defendant was under legal constraint and add points. From the record in the instant case, it appears that the defendant was being sentenced only for the original crimes at the revocation hearing. Nothing indicates that the defendant was being sentenced for an additional crime. Therefore, the trial court erred in adding ten points to the defendant's scoresheet for being under legal constraint when his probation was revoked.
The next question is whether the trial court may depart from the sentencing guideline range in sentencing for a probation violation. Under Florida Rule of Criminal Procedure 3.701(d)(14), a violation of probation justifies a one-cell increase under the sentencing guidelines without giving reasons for so doing. Pentaude v. State, 478 So.2d 1147 (Fla. 1st DCA 1985). However, our Supreme Court has not decided whether the sentencing court, as it did in the instant case, may depart beyond a one cell increase for a revocation of probation. Nevertheless, the First and Fifth Districts have concluded that the trial court may properly depart from the guidelines range by more than one cell upon revocation of probation where there are reasons, besides the probation violation, for the departure. Such reasons must be in writing. Williams v. State, 480 So.2d 679 (Fla. 1st DCA 1985), and Monti v. State, 480 So.2d 223 (Fla. 5th DCA 1985). We ally ourselves with these two sister courts.
Accordingly, we reverse and remand for resentencing. In all other respects, this cause is AFFIRMED.
HERSEY, C.J., and GUNTHER, J., concur.