DANIEL, Judge.
Alvin L. Carroll appeals his judgments and sentences for ten separate offenses. The defendant contends that the trial court erred in its classification of two felony offenses which should have been scored as the same degree. Because of that error, the defendant asserts that an additional twenty-eight points were assessed on the sentencing guidelines scoresheet resulting in a one cell increase in his recommended sentence. We agree and reverse.
Sentencing errors may be reviewed on appeal in the absence of a contemporaneous objection in cases such as this when the error is apparent from the four corners of the record. Dailey v. State, 488 So.2d 532 (Fla.1986); State v. Snow, 462 So.2d 455 (Fla.1985). In this case it is the scoring of burglary of a dwelling with a battery therein[1] and kidnapping[2] counts that the defendant disputes. These convictions were scored in part II of the scoresheet as additional offenses. Only one, however, was counted as a first degree felony punishable by life. The other was scored as a first degree felony resulting in a total of 76 points for the two counts. The defendant correctly contends that both should be scored as first degree felonies punishable by life, resulting in a score of 48 points for the two reducing the total points by 28, and lowering the recommended range one cell.
We find no merit in the state’s contention that the two disputed offenses should have been scored as additional primary offenses along with two counts of sexual battery. Felonies are classified pursuant to section 775.081, Florida Statutes, as follows:
(1) Felonies are classified, for the purpose of sentence and for any other purpose specifically provided by statute, into the following categories:
(a) Capital felony;
(b) Life felony;
(c) Felony of the first degree;
(d) Felony of the second degree; and
(e) Felony of the third degree.
A capital felony and a life felony must be so designated by statute. Other felonies are of the particular degree designated by statute. Any crime declared by statute to be a felony without specification of degree is of the third degree except that this provision shall not affect felonies punishable by life imprisonment for the first offense, (emphasis added).
Both the kidnapping and robbery convictions in this case are first degree felonies, not life felonies such as the sexual batteries, and are to be scored as additional offenses pursuant to Florida Rule of Criminal Procedure 3.701(d)(3) and (4). Convictions for the sexual batteries and the convictions for kidnapping and burglary of a dwelling with a battery therein are not within the same statutory degree even though the latter two have a possible life penalty.
Accordingly, we vacate the sentences and remand for resentencing upon correction of the scoresheet and reclassification of the two felony offenses as noted.
*456 CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED.
ORFINGER and COBB, JJ., concur.

. § 810.02(2)(a), Fla.Stat. (1985).

. § 787.01(l)(a)(2), Fla.Stat. (1985).