WENTWORTH, Judge.
Appellant seeks review of sentences imposed pursuant to the Fla.R.Crim.P. 3.701 sentencing guidelines. These sentences were for various offenses, including four burglaries of a dwelling and three burglaries of a conveyance or structure. We find that the burglaries of a conveyance or structure should not have been scored under the primary offense category on the guidelines scoresheet. We therefore vacate the sentences imposed and remand the cause for resentencing.
Appellant’s burglaries of a dwelling were scored as primary offenses, in accordance with Fla.R.Crim.P. 3.701(d)(3) which provides that in the event of multiple offenses the primary offense shall be that which yields the most severe sanction. Fla.R.Crim.P. 3.701(d)(4) specifies that other offenses pending for sentencing should be scored as additional offenses. The committee note to Rule 3.701(d)(4), as amended in 1985, provides that:
In the event of multiple counts of the same distinct offense and degree of felony being scored as primary offense, it shall be scored as additional counts of the primary offense. All other offenses for which the defendant is convicted and are pending before the court for sentencing shall be scored as additional offenses.
While multiple counts of the primary offense are thus scored as multiple primary offenses, crimes which are different, even as to degree, are scored as additional offenses. Compare Doner v. State, 515 So.2d 1368 (Fla. 2d DCA 1987), with Carroll v. State, 530 So.2d 454 (Fla. 5th DCA 1988).
Appellant’s primary offenses, burglaries of a dwelling, are second degree felonies. See section 810.02(3), Florida Statutes. The other burglaries, which were committed in a structure or conveyance, are third degree felonies. See section 810.02(3), Florida Statutes. Since these were not “the same distinct offense and degree” as the burglaries of a dwelling, they should have been scored as additional offenses rather than primary offenses.
Because the improper scoring resulted in an altered computation which produced a different recommended guidelines sentence, we vacate the sentences imposed and remand the cause for resentencing.
THOMPSON and WIGGINTON, JJ., concur.