578 So.2d 345 (1991)
James Donald BURKHALTER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-85.
District Court of Appeal of Florida, First District.
April 4, 1991.
Rehearing Denied May 15, 1991.
*346 Barbara Linthicum, Public Defender, and David P. Gauldin, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Cynthia Shaw, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
James Burkhalter appeals his concurrent sentences of 5 years' incarceration upon the adjudication of his guilt of aggravated battery with a deadly weapon and aggravated assault pursuant to a finding he violated the conditions of his community control. Because the trial court erred in adding points for legal constraint to Burkhalter's original sentencing guidelines score, we vacate the sentence and remand for resentencing.
In June 1989, Burkhalter pleaded no contest to aggravated battery with a deadly weapon in case number 89-1005, and to aggravated assault in case number 89-972. The consolidated scoresheet prepared for the sentencing hearing did not include any points for legal constraint and reflected a guidelines sentencing range of community control or 12-30 months' incarceration. The court withheld adjudication of guilt and placed Burkhalter on 1 year's community control followed by 5 years' probation in each case. In November 1989, Burkhalter pleaded no contest to allegations that he had violated the conditions of his community control in both cases. A new scoresheet was prepared that included an additional 36 points for legal constraint. While the record does not contain any explanation for including these points, we must assume it was based on his being on community control under the original sentence. The guidelines range reflected on the revised scoresheet was 3 1/2 to 4 1/2 years. The trial court adjudicated Burkhalter guilty of the original offenses in both cases and imposed concurrent sentences of 5 years' incarceration.
These judgments adjudicate Burkhalter guilty of the originally charged offenses; he was not adjudicated guilty of any additional offenses allegedly committed during his community control. When a defendant is being sentenced upon a violation of probation or community control for the original offenses, points may be added for legal constraint only if the defendant was under legal constraint at the time he committed the original offense; such points cannot be added for the fact that he was under legal constraint at the time he committed the violation of community control. Taylor v. State, 485 So.2d 900 (Fla. 4th DCA 1986). See also Guardado v. State, 562 So.2d 696 (Fla. 3d DCA 1990). Since the appealed judgments and sentences show that Burkhalter was being sentenced only for the original offenses, and nothing in the record shows (nor is it argued) that he was under legal constraint at the time he committed the original offenses, the trial court erred in adding points to Burkhalter's original guidelines score for legal constraint.
The permitted sentencing range reflected on the original guidelines scoresheet (113-154 points) was "any nonstate prison sanction or community control or 1-3 1/2 years' incarceration." The authorized one-cell bump-up would place Burkhalter in the permitted sentencing range of "community control or 1-4 1/2 years' incarceration." The concurrent sentences of 5 years' incarceration, therefore, improperly exceed the range allowed pursuant to the one-cell bump-up.
The state also argues that this error was not preserved for appellate review because no objection on this ground was made to the trial court. Contrary to the state's argument, error that results from an incorrectly calculated scoresheet may be reviewed at any time without contemporaneous objection at trial. State v. Whitfield, 487 So.2d 1045 (1986); Brown v. State, 502 So.2d 1293 (Fla. 1st DCA 1987); rule 3.800, Fla.R.Crim.P.
*347 The sentences are VACATED and the cause is REMANDED with directions to sentence Burkhalter within the permitted range of the one-cell increase using the original scoresheet.
BOOTH and WOLF, JJ., concur.