604 So.2d 1250 (1992)
Joseph JETER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2815.
District Court of Appeal of Florida, First District.
September 2, 1992.
*1251 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant seeks review of his sentences imposed after he pled nolo contendere to violations of community control, on grounds that scoresheet errors resulted in a sentence which exceeded the proper sentencing guidelines range. The state concedes error with respect to the scoring of primary and additional offenses. We reverse and remand for resentencing.
The sentencing guidelines scoresheet filed June 18, 1991, contained a total of 277 points for a recommended sentencing range of nine to twelve years, a permitted sentencing range of seven to seventeen years, and a one-cell increased sentencing range of seventeen to twenty-two years for violation of probation or community control. Pursuant to his nolo contendere plea, appellant was adjudicated guilty of four separate counts of battery on law enforcement officers, and one count of resisting arrest with violence  all third-degree felony offenses.
The sentencing guidelines provide that the primary offense at conviction is that offense "which, when scored on the guidelines scoresheet, recommends the most severe sanction." See Fla.R.Crim.P. 3.701 d.3. The Committee Note to rule 3.701 d.3 states: "When the defendant is convicted of violations of more than one unique statute, the offenses are to be sorted by statutory degree." In other words, all counts of the offenses involving the highest statutory degree, and which carry the most severe sanction, should be scored together as "primary offense," regardless of the dates of the offenses or that the offenses were charged in separate informations. Doner v. State, 515 So.2d 1368, 1369 (Fla. 2d DCA 1987). Further, when sentencing is imposed upon the original offenses following violation of community control or probation, legal constraint points may not be scored unless the defendant was on legal constraint when he committed the original offenses. Points cannot be added merely because the defendant was *1252 on community control or probation when he committed the violation. Burkhalter v. State, 578 So.2d 345, 346 (Fla. 1st DCA 1991).
In the instant case, the four counts of battery on a law enforcement officer were scored as primary offense at conviction, while the count of resisting arrest with violence was scored as an additional offense at conviction. The state agrees that the five third-degree felonies should have been scored under the category of "primary offense at conviction." In addition, the scoresheet reflects that thirty-six points were scored for legal constraint, for the violation of community control from the original offenses. Since appellant was not on legal constraint at the time of the commission of the primary or additional offenses at conviction, legal constraint points were scored improperly. Fla.R.Crim.P. 3.701 d.6; Burkhalter, 578 So.2d at 346.[1]
As a final note, when the deletion of improperly scored points on a guidelines scoresheet results in a reduction of one or more sentencing ranges, the sentence should be vacated and the cause remanded for resentencing. Sellers v. State, 578 So.2d 339, 341 (Fla. 1st DCA 1991). A correction of the scoresheet errors in this case would result in a total score of 241 points, for a recommended sentencing range of seven to nine years, which is a one-cell decrease in sentencing range from that reflected on the improperly scored scoresheet. Since the correction results in a reduction of one sentencing range, it is necessary to remand for resentencing.
Accordingly, the sentences are vacated, and the cause is remanded for resentencing based upon a corrected scoresheet.
ALLEN and WOLF, JJ., concur.
NOTES
[1] The state agrees that legal constraint points were scored improperly for the community control violation in connection with the instant offenses. However, the state urges the assessment of legal constraint points was proper, because appellant was on legal constraint when he committed the offenses for which he was placed on community control. The record before this court does not support the state's contention. Upon remand, the state may seek a determination of this matter by the trial court.