615 So.2d 231 (1993)
Andrew Edward SNYDER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3080.
District Court of Appeal of Florida, First District.
March 8, 1993.
Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Andrew Edward Snyder has appealed from sentences imposed after violation of community control. We reverse, and remand for resentencing.
In 1986, Snyder was placed on probation following a guilty plea to burglary of a dwelling, committed on February 18, 1986 (Case No. 86-478). He thereafter pled nolo contendere to burglary of a structure, committed on January 16, 1987 (Case No. 87-479), and to violating probation in 86-478. In March 1990, the trial court revoked probation, and sentenced Snyder to 2 years community control plus 13 years probation. The court imposed 5 years probation in 87-479, to run concurrently with the probationary term imposed in 86-478.
In August 1992, Snyder pled nolo contendere to violating probation. The scoresheet utilized at the subsequent sentencing proceeding reflected a total of 49 points. After the two-cell increase authorized for Snyder's two successive violations of probation, see Williams v. State, 594 So.2d 273, 275 (Fla. 1992), this total corresponded to a recommended range of 3 1/2-4 1/2 years, *232 and a permitted range of 2 1/2-5 1/2 years. After noting that "a guideline sentence would be 5 1/2 years," the trial court sentenced Snyder to concurrent 5-year terms, plus 8 years probation in 86-478.
Snyder argues that his sentence is illegal, to wit: because he committed his crimes prior to the July 1, 1988 effective date of the permitted guidelines range, it would be an ex post facto violation to sentence him under that range. Therefore, the maximum guidelines sentence was 4 1/2 years (the maximum of the recommended range), and the 5 years imposed by the trial court constituted a departure sentence for which no written reasons were provided. The state concedes that the maximum guidelines sentence herein was 4 1/2 years. However, it urges that the trial court be permitted to consider a departure sentence on remand.
The permitted guidelines ranges, effective July 1, 1988, cannot be applied to a defendant who committed his crimes prior to that date. Jones v. State, 599 So.2d 769, 770 n. 1 (Fla. 1st DCA 1992), citing Puffinberger v. State, 581 So.2d 897, 900 (Fla. 1991). Snyder committed his crimes in 1986 and 1987, hence he correctly asserts that the permitted range could not be used in sentencing him. The result was a departure sentence for which the trial court provided no written reasons.
However, there is no indication in the record that the trial judge intended to impose a departure sentence. On the contrary, it affirmatively appears that he believed the 5-year sentence to be within the guidelines. When a trial court does not know that it is imposing a departure sentence requiring written reasons, it may consider on remand whether a departure from the guidelines is appropriate. Henderson v. State, 577 So.2d 653, 654 (Fla. 1st DCA 1991), citing State v. Betancourt, 552 So.2d 1107, 1108 (Fla. 1989). See also Roberts v. State, 534 So.2d 1225 (Fla. 1st DCA 1988), approved 547 So.2d 129 (Fla. 1989) (when a trial court is unaware that it has imposed a departure sentence because of an incorrect scoresheet, the trial judge may consider whether departure would be appropriate when the correct scoresheet is before him on remand).
The sentence imposed herein is reversed, and the case remanded for resentencing, at which time the trial judge may consider whether departure would be appropriate.
JOANOS, C.J., and ZEHMER and WEBSTER, JJ., concur.