667 So.2d 371 (1995)
Robert GIBBS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1923.
District Court of Appeal of Florida, First District.
November 29, 1995.
Robert Gibbs, pro se.
No appearance for Appellee.
PER CURIAM.
Appellant, Robert Gibbs, appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he alleged that his sentence was based upon an incorrect calculation on his sentencing guidelines scoresheet. We agree and therefore reverse and remand with directions to grant appellant's motion and resentence him.
Gibbs was sentenced June 1, 1993 in 26 cases, 16 of which were new cases and the remainder violations of probation (VOPs). The record shows that the offenses underlying his VOPs were scored as "prior record," and that some or all of these offenses were committed before October 1, 1986. Prior to that date, offenses underlying VOPs were scored as "additional offenses at conviction." Hingson v. State, 553 So.2d 768 (Fla. 1st DCA 1989); Mincey v. State, 525 So.2d 465 (Fla. 1st DCA 1988); Slappy v. State, 516 So.2d 342 (Fla. 1st DCA 1987). Upon violating probation, a defendant cannot be sentenced to a term that could not have been validly imposed at the time of initial sentencing. Snyder v. State, 615 So.2d 231 (Fla. 1st DCA 1993); Davis v. State, 636 So.2d 575 (Fla. 4th DCA 1994). The trial court must determine which of Gibbs' offenses were committed before October 1, 1986, score these as "additional offenses," and recalculate his scoresheet accordingly.
Moreover, because the offenses underlying Gibbs' VOPs cannot be scored as "prior record," all of his convictions for making a forged instrument must be scored together as "primary offense at conviction," if *372 this is the most serious offense. All counts of an offense involving the severest penalty, which must be scored as the "primary offense at conviction," should be scored together as multiple counts of the same offense, regardless of when the offenses were committed. Jeter v. State, 604 So.2d 1250 (Fla. 1st DCA 1992); Riggs v. State, 540 So.2d 897 (Fla. 1st DCA 1989).
REVERSED and REMANDED for further proceedings.
ERVIN, BOOTH and WEBSTER, JJ., concur.