MICKLE, Judge.
Fred William Schroeder, Sr., appeals an order on resentencing on the grounds that his guidelines scoresheet was incorrectly calculated. The state concedes the error. We vacate the sentences and remand for a proper calculation of the scoresheet and resen-tencing. Gibbs v. State, 667 So.2d 371 (Fla. 1st DCA 1995); Jeter v. State, 604 So.2d 1250 (Fla. 1st DCA 1992).
After a jury trial in 1994, Schroeder was found guilty of five counts comprising various offenses covered by section 827.071(1)-(4), Florida Statutes (sexual performance by a child; possession with intent to promote related materials; distribution of obscene materials). He was acquitted of Count VI (tampering with a witness). Judgment and sentence were affirmed on direct appeal as to Counts I, II, III, and V, but Count IV was reversed. Schroeder v. State, 656 So.2d 288 (Fla. 1st DCA 1995).
Schroeder appeared with counsel at the September 13, 1995, resentencing hearing where, in accordance with our mandate, Count IV was vacated. As Schroeder already had served his one-year sentence in Count V, only Counts I through III, all second-degree felonies, remained outstanding. The revised scoresheet scored one of the second-degree felonies under “primary offense at conviction” and the other two under “additional offenses at conviction.” This is erroneous.
Florida Rule of Criminal Procedure 3.701(d)(3) defines “primary offense” as “the offense at conviction that, when scored on the guidelines scoresheet, recommends the most severe sanction.” According to subsection (d)(4) of this rule, “All other offenses for which the offender is convicted and that are pending before the court for sentencing at the same time shall be scored as additional offenses based on their degree and the number of counts of each.” What makes Schroeder’s scoresheet calculation erroneous is that *475 the Sentencing Guidelines Commission Notes for (d)(4) provide that “[i]n the event of multiple counts of the same distinct offense and degree of felony being scored as primary offense, it shall be scored as additional counts of the 'primary offense.” (Emphasis added). All the counts on which Schroeder was resentenced are second-degree felonies pursuant to section 827.071(1) — (4), Florida Statutes. Accordingly, Schroeder and the state agree that, pursuant to the rule and Gibbs and Jeter, the three second-degree felonies should have been scored together as multiple counts of the primary offense. Gibbs, 667 So.2d at 371-72; Jeter, 604 So.2d at 1250; Riggs v. State, 540 So.2d 897 (Fla. 1st DCA 1989).
Although the sentences imposed by the trial court are incorrect due to a score-sheet error, the state correctly notes that these concurrent eight-year sentences imposed for Counts I through III are not “illegal sentences” as defined recently by the Florida Supreme Court in Davis v. State, 661 So.2d 1193 (Fla.1995). That is, they do not “exceed the maximum period set forth by law for a particular offense without regard to the guidelines.” Id. at 1196; State v. Callaway, 658 So.2d 983, 988 (Fla.1995). Statutory law provides that a person who has been convicted of a second-degree felony may be sentenced to “a term of imprisonment not exceeding 15 years.” § 775.082(3)(c), Fla.Stat.
Nevertheless, because the corrected score-sheet will place Schroeder in a different cell from the one on which the trial court relied in imposing concurrent sentences of eight years in prison for the three counts, we vacate the sentences and remand for resen-tencing in light of the recalculation. Sellers v. State, 578 So.2d 339 (Fla. 1st DCA), approved, 586 So.2d 340 (Fla.1991).
Sentence VACATED and REMANDED for resentencing.
ALLEN and LAWRENCE, JJ., concur.