PER CURIAM.
Tyrone Waddell (Waddell) appeals the sentences imposed following the revocation of his probation in Case nos. 88-214 and 90-2855. The trial judge sentenced Waddell for both violations using the permitted sentencing guideline range. However, Florida Rule of Criminal Procedure 3.701(d)(ll), which allows a judge to impose a sentence within the permitted sentencing guideline range without giving written reasons, did not become effective until July 1, 1988,[1] six months after Waddell committed the underlying crimes in Case no. 88-214. A trial judge may not apply the permitted sentencing guideline range to a defendant who committed his crime prior to the effective date of the 1988 amendments to rule 3.701(d). Snyder v. State, 615 So.2d 231 (Fla. 1st DCA 1993). For this reason, we reverse and remand Case no. 88-214 for resentencing. Since it appears from the record that the trial judge believed that he was imposing a sentence within the guidelines, the judge may consider, upon remand, whether imposition of a departure sentence would be appropriate. Id. at 232. We affirm in all other respects.
MINER, LAWRENCE and PADOVANO, JJ., concur.

. Ch. 88-131, Sec. 1, Laws of Florida.