CAMPBELL, Acting Chief Judge.
Appellant, sentenced to thirty years in prison on a violation of probation, challenges his sentence. The State concedes error. We agree that appellant’s sentence must be reversed and the case must .be remanded for resentencing.
In 1988, appellant was sentenced for attempted sexual battery and lewd and lascivious behavior to fifteen years incarceration, *932 followed by ten years probation, concurrent. Since the recommended guidelines sentence at that time was seven to nine years, the sentence imposed was either a departure or the result of a negotiated plea. The record is not clear.
In June of 1995, appellant violated his probation for failing to report to his probation officer and for committing a D.U.I. In August of 1995, he pleaded guilty to the violation, his probation was revoked, and he was placed on two years community control, to be followed by ten years probation.
In April of 1996, appellant was charged with violating five conditions of his community control. At the July 1996 hearing, the court found cause for departure, revoked appellant’s community control, and sentenced appellant to thirty years incarceration. No order revoking community control appears in the record.
First, the court erred in not entering contemporaneous written reasons for the July 1996 departure. See Fla. R.Crim. P. 3.172. Second, under Grady v. State, 618 So.2d 341 (Fla. 2d DCA 1993), the court exceeded that which was permissible for “bumping” for each violation of probation. The court here “bumped” three cells by sentencing appellant to thirty years. Since appellant had only violated twice, this was error.
Accordingly, we reverse and remand appellant’s sentence for resentencing under the guidelines.
ALTENBERND and GREEN, JJ., concur.