770 So.2d 211 (2000)
Marty MARTINEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2083.
District Court of Appeal of Florida, Fourth District.
October 18, 2000.
*212 Marty Martinez, South Bay, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Marty Martinez (Appellant) appeals from the order summarily denying his motion to correct illegal sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, in which he sought resentencing under Heggs v. State, 759 So.2d 620 (Fla.2000), for one count of aggravated battery, committed on November 23, 1995. We reverse.
It is undisputed that Appellant's offense was committed within the window period for raising a Heggs challenge. See Trapp v. State, 760 So.2d 924 (Fla.2000) (holding that those persons with standing to challenge their sentences under Heggs were those whose offenses were committed on or after October 1, 1995, and before May 24, 1997). The state's response below argued that the motion should be denied because Appellant's fifty-two month sentence fell within the sentencing range produced by the recalculated guidelines scoresheet, attaching Appellant's actual 1995 guidelines scoresheet, and a recalculated 1994 scoresheet showing 70 total sentence points, for a presumptive sentence of 42 months, with a sentencing range of 31.5 to 52.5 months. Because Appellant's sentence of fifty-two months was within that range, the trial court denied relief. See Heggs, 759 So.2d at 627 ("[I]f a person's sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief under our decision here.").
On appeal, Appellant argues and it is obvious from comparing the two scoresheetsthat the state added four points for "legal status violation" on page 2 of the proposed 1994 scoresheet which did not appear on the 1995 scoresheet on which Appellant's sentencing was based. If those four points had not been added, Appellant's total sentence points on the 1994 scoresheet would have been 66, his presumptive sentence would have been 38 months, and his sentencing range would *213 have been 28.5 months to 47.5 months. His actual sentence of 52 months exceeds that range and would bring him within the class of persons who should be resentenced under Heggs.
In response to this court's order to show cause, the state filed portions of the record indicating that after entering his nolo contendere plea to the instant offense, Appellant was placed on community control; his violation of that community control resulted in the fifty-two month sentence which Appellant now challenges. Therefore, because Appellant was on community control at the time he received the sentence on revocation of community control, the state argues, it was proper to correct the original scoresheet to include points for legal constraint.
We agree that it is proper to correct the original scoresheet when determining whether a defendant should be resentenced under Heggs. See, e.g., Merkt v. State, 764 So.2d 865 (Fla. 4th DCA 2000) (authorizing trial court to assess victim injury points in recalculating scoresheet based on Heggs, on revocation of community control, although victim injury was not scored as part of defendant's original sentencing). In doing so, however, the state should be careful to point out to the trial court that it is doing so and seek its approval. See Erickson v. State, 565 So.2d 328, 336 (Fla. 4th DCA 1990) ("[W]hen a discrepancy concerning the scoresheet is brought to the sentencing court's attention, the court should resolve the discrepancy and correct the scoresheet to reflect the accurate numbers."), rev. denied, 576 So.2d 286 (Fla.1991).
In this case, the trial court should have disapproved the correction, if all the state could show was that Appellant was under a legal constraint when his community control was revoked. See Williams v. State, 678 So.2d 4 (Fla. 4th DCA 1996); Taylor v. State, 485 So.2d 900 (Fla. 4th DCA 1986); Burkhalter v. State, 578 So.2d 345 (Fla. 1st DCA 1991). As this court explained in Taylor, "When a defendant is being sentenced in a probation revocation hearing only for the original crime, case law provides that points may only be added if the defendant is under legal constraint at the time he committed the offense, not at the time probation was revoked." 485 So.2d at 901. On the other hand, "[i]f the defendant is being sentenced for an additional crime at the revocation hearing, then it is proper to find that the defendant was under legal constraint and add points." See Id. Here, review of both the actual and proposed scoresheets submitted by the state below make it clear that Appellant was being sentenced only for the aggravated battery in question.
If the state seeks to make any further corrections to the 1994 scoresheet on remand, it shall bring them to the trial court's attention and allow Appellant to respond. In such event, the trial court may find it advisable to appoint counsel to represent Appellant. See Smith v. State, 761 So.2d 419, 421 n. 3 (Fla. 2d DCA May 24, 2000) (suggesting that it may be sensible for the trial court to appoint counsel to represent prisoners filing postconviction motions under Heggs if the offense date is within the window period and a new scoresheet needs to be calculated, pointing out that the right to counsel applies in any event at resentencing). Once an appropriate scoresheet is prepared, if the trial court determines that Appellant's sentence could not have been imposed under the 1994 version of the sentencing guidelines without a departure, it shall resentence him in accordance with the valid guidelines in existence at the time his offense was committed. See Heggs. If it determines there is no need to resentence him, the trial court shall attach to its order of denial all documents supporting such determination. See Speed v. State, 764 So.2d 873 (Fla. 4th DCA 2000); Smith; George v. State, 760 So.2d 293 (Fla. 2d DCA 2000).
*214 Reversed and remanded for proceedings consistent with this opinion.
DELL, GUNTHER and STEVENSON, JJ., concur.