FULMER, Judge.
Denzil Ash appeals the sentence imposed upon remand from this court, arguing that the sentence exceeded the maximum sentence allowed under the 1987 guidelines. We agree, and the State properly concedes error. Accordingly, we reverse and remand for resentencing.
Ash was originally charged with count one — sexual battery on a child less than twelve years of age, and count two — lewd and lascivious behavior involving a child under sixteen years of age. Both of these offenses took place between August 21, 1987, and September 1,1987. Ash entered a negotiated plea to attempted sexual battery, a lesser included offense of count one, and to lewd and lascivious act, as charged in count two. The trial court imposed an upward departure sentence of fifteen years’ imprisonment followed by ten years of probation on count one and a concurrent fifteen-year term of imprisonment on count two. The original guidelines score-sheet, prepared in accordance with Florida Rule of Criminal Procedure 3.988(b) (1987), reflected a total of 287 points, which placed Ash in the guidelines cell indicating a sentence of eight years with a recommended range of seven to nine years.
In 1995, Ash violated the probation he was serving on count one. His probation was revoked, and he was sentenced to two years of community control followed by ten years of probation. In 1996, Ash violated community control. The trial court revoked his community control and sentenced Ash to an upward departure sentence of thirty years’ imprisonment on count one and to a concurrent term of thirty years on count two notwithstanding the fact that Ash was never placed on community control as to count two.
Ash appealed the 1996 sentence, the State conceded error, and this court reversed.[1] See Ash v. State, 706 So.2d 931 (Fla. 2d DCA 1998). This court instructed that on remand, Ash was to be sentenced under the guidelines. Id.
On remand, the State argued that the original guidelines sentencing cell was seven to nine years and a two-cell bump would indicate a recommended range of twelve to seventeen and a permitted range of nine to twenty-two years. The trial court agreed with the State and sentenced Ash to concurrent twenty-two-year terms of imprisonment on both counts. *1132 pellate counsel initially filed an Anders[2] brief but pursuant to this court’s order submitted a supplemental brief asserting several issues for review. As stated above, the State concedes error.
First, the trial court erred in sentencing Ash within the permitted range, as opposed to the recommended range, for offenses that took place prior to July 1, 1988. See Jones v. State, 615 So.2d 705 (Fla. 2d DCA 1998); Snyder v. State, 615 So.2d 231 (Fla. 1st DCA 1993). See also Strickland v. State, 596 So.2d 1155 (Fla. 2d DCA 1992). The statute which gave trial judges the additional discretion to sentence individuals within the permitted range became effective on July 1, 1988. See Snyder, 615 So.2d at 232; see also Florida Rules of Criminal Procedure Re: Guidelines (Rules 3.701 & 3.988), 522 So.2d 374 (Fla.1988). Because Ash committed his offenses prior to July 1, 1988, the rule revision could not be used in sentencing him. See Jones, 615 So.2d 705; Snyder, 615 So.2d 231. Thus, the maximum that could be imposed under the 1987 guidelines scoresheet with a two-cell bump was seventeen years.
Furthermore, as the State correctly points out, the guidelines scoresheet submitted on April 3, 1998, at the second revocation hearing indicates a point total of 317. This scoresheet is incorrect because it erroneously scores 30 points for “legal constraint.” See Martinez v. State, 770 So.2d 211, 213 (Fla. 4th DCA 2000) (“ ‘When a defendant is being sentenced in a probation revocation hearing only for the original crime, case law provides that points may only be added if the defendant is under legal constraint at the time he committed the offense, not at the time probation was revoked.’ ”) (quoting Taylor v. State, 485 So.2d 900, 901 (Fla. 4th DCA 1986)). On remand, legal constraint points must be deleted.
Second, the trial court did not have jurisdiction on revocation of probation or community control to sentence Ash on count two. The offense of lewd and lascivious behavior is a second-degree felony punishable by a statutory maximum of fifteen years in prison. See §§ 800.04(1); 775.082(3)(c), Fla. Stat. (1987). Ash was originally sentenced for that offense to fifteen years in prison, with no probation, to run concurrent with the sentence in count one. In 1995, following the first violation, Ash was sentenced to two years of community control, followed by ten years of probation on count one only, and his second violation in 1996 was only as to count one. Because Ash was never on probation or community control for count two and because he had originally received the maximum penalty for that offense in 1988, the trial court did not have jurisdiction to resentence him for violation of community control in 1996 or to resentence him in 1998 for count two. Accordingly, the sentence as to count two is reversed and vacated.
On remand, Ash shall be discharged as to count two and resentenced on count one to a term not exceeding seventeen years, in accordance with this opinion.
Reversed and remanded with instructions.
BLUE, A.C.J., and DAVIS, J., concur.

. The erroneous imposition of the sentence as to count two was not raised, and therefore, nol addressed in the 1998 appeal.

. Anders v. California, 386 U.S. 738, 87 S.Ct 1396, 18 L.Ed.2d 493 (1967).