RAMIREZ, J.
Richard Lee Terry appeals the denial of his motion to correct illegal sentence pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. Because Terry’s claim is cognizable under rule 3.800(a) and the offenses underlying his violation of probation that occurred prior to October 1, 1986 should have been scored as additional offenses, we reverse and remand the case to the trial court with directions that Terry be resentenced. The original opinion rendered in this case on September 13, 2000 is withdrawn, and the following opinion is substituted in its place.
Terry was charged with and convicted of involuntary sexual battery committed on September 27, 1979 in case number 79-15963. He was sentenced to 12 years imprisonment, with the provision that after serving seven years of the sentence of imprisonment, the remaining five years would be stayed and withheld, and he would be placed on probation for a period of five years. In case number 83-29127, Terry was convicted of kidnapping, sexual battery, aggravated battery, attempted third degree murder, and grand theft committed on December 24,1983. An affidavit of violation of probation was filed on January 9, 1984. At sentencing for the convictions in case number 83-29127, Terry’s conviction in case number 79-15963 was scored as a “prior record,” rather than as an “additional offense at conviction.”
The State argues that Terry’s motion is procedurally barred because rule 3.800, Florida Rules of Criminal Procedure, precludes relief unless the alleged scoring error is apparent from the face of the record. Terry argues that his claim is cognizable as a motion to correct an incorrect calculation in a sentencing guidelines score sheet under rule 3.800(a), Florida Rules of Criminal Procedure. We agree with Terry.
Rule 3.800(a), Florida Rules of Criminal Procedure, states that “[a] court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guideline score sheet.” In Gibbs v. State, 667 So.2d 371 (Fla. 1st DCA 1995), the defendant appealed the denial of his motion to correct an incorrect calculation on his sentencing guidelines score sheet pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. The court reversed the denial and ordered the trial court to score convictions committed before October 1, 1986, effective date of the amendment to Florida Rules on Criminal Procedure 3.701(d)(5), as additional offenses. Id.
In this case, the point total on the score sheet, in accordance with the sentencing grids in rule 3.988, Florida Rule of Criminal Procedure,[1] at the time of sentencing proceedings in 1984, indicates that the conviction in ease number 79-15963 was scored as a prior record and not as an additional offense. Terry raises the same claim raised in Gibbs, and like Gibbs, his claim is thus reviewable under rule 3.800(a).
Terry next argues that his conviction underlying the revocation of probation in case number 79-15963 was incorrectly scored as a prior record. In 1984, at the time of the sentencing hearing in this case, *1179 rule 3.701(d)(5), Florida Rules of Criminal Procedure, stated that:
All other offenses for which the offender is convicted and which are pending before the court for sentencing at the same time shall be scored as additional offenses based upon their degree and the number of counts.
An 1985 amendment to the committee note to rule 3.701(d)(5) added:
For any offense where the sentence was previously suspended pursuant to the imposition of probation and such offense is now before the court for sentencing, upon revocation of that probation based upon a subsequent criminal offense (which subsequent offense is also before the court for sentencing at the same time), the earlier offense shall be scored as “prior record” and not as “additional offenses.”
See The Florida Bar Re: Rules of Criminal Procedure, 482 So.2d 311 (Fla.1985).
The amendment’s effective date, however, was October 1, 1986, and Terry’s offense was committed two years prior to the amendment’s effective date. His conviction offense must thus be scored as an additional offense at conviction. See Mincey v. State, 525 So.2d 465 (Fla. 1st DCA 1988).
The trial court judge must also be given the opportunity to consider whether to impose a departure sentence, if any legally valid grounds for such a departure exist. See State v. Betancourt, 552 So.2d 1107 (Fla.1989).
We therefore reverse and remand.

. See In re: Rules of Criminal Procedur of Sen-fencing Guidelines), 439 So.2d 848 (Fla.1983).