FULMER, Judge.
 

 Tyrone J. Terry appeals his resentencing on count two (simple robbery) of a judgment. In 1996, Terry was sentenced as a habitual offender to twenty years in prison on count two. After serving one year in jail, the remaining nineteen years were suspended and Terry was to serve ten years on probation. He violated his probation and was sentenced on count two to a nonhabitual sentence of nineteen years in prison. He then filed a successful motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), alleging that the nineteen-year sentence imposed on count two was illegal because it exceeded the statutory maximum sentence for a second-degree felony. The trial court resentenced Terry on count two in 2007 to fifteen years, stating “15 years ... [n]ot as a habitual. It’s the guidelines, count two.”
 
 [1]
 

 
 *855
 
 On appeal, counsel for Terry filed a brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Terry filed a pro se brief raising several claims, most of which are without merit. However, after considering additional briefing pursuant to
 
 Penson v. Ohio,
 
 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we conclude that Terry is entitled to a new sentencing hearing on count two using a corrected scoresheet.
 

 First, Terry claims that the points for legal restraint — which were not on the original 1996 scoresheet — were improper. He cites
 
 Martinez v. State,
 
 770 So.2d 211 (Fla. 4th DCA 2000), which holds that legal constraint points may only be included on a sentencing scoresheet at the violation of supervision stage
 
 if
 
 the defendant was under legal constraint at the time of the offense,
 
 not
 
 at the time of the violation.
 

 The record reflects that Terry was re-sentenced to a guidelines sentence in 2007 and that the most recent guidelines score-sheet was prepared for use at Terry’s violation of probation sentencing. That applicable scoresheet shows that seventeen points for legal constraint were added to that scoresheet after the date of his original sentencing in 1996, and according to
 
 Martinez,
 
 those points were only appropriate if Terry was under legal constraint at the time of the offense.
 

 Terry also contends that he was never convicted of aggravated assault, which is a conviction listed under prior record on the most recent scoresheet.
 

 Terry properly preserved these score-sheet issues by raising them in a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
 
 See Jackson v. State,
 
 983 So.2d 562, 572 (Fla.2008).
 

 Accordingly, we reverse and remand for a new sentencing hearing with a corrected scoresheet.
 

 Reversed and remanded.
 

 WHATLEY, J., and DAKAN, STEPHEN L., Associate Senior Judge, Concur.
 

 [1]
 

 . In the 2007 order granting resentencing, the trial court explained that resentencing was necessary because although the court had intended to impose the original suspended habitual sentence after Terry violated his probation, the court actually announced a nonhabitual guidelines sentence of nineteen years.